IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADAM TOWNSEND                                                                              PETITIONER

VS.                                                           CIVIL ACTION NO. 3:15cv428-DPJ-FKB

"NFN" BLACKMON, WARDEN                                                              RESPONDENT

## REPORT AND RECOMMENDATION

### I. Introduction and Facts

Adam Townsend is a federal inmate serving an aggregate sentence of 262 months
for a drug offense and felon-in-possession.  He is currently incarcerated at the Federal
Correctional Complex in Yazoo City, Mississippi.   He filed this petition pursuant to 28
U.S.C. § 2241 challenging a disciplinary proceeding in which was found guilty of a
violation of the disciplinary code and his resulting loss of 27 days of good time credit.
Presently before the Court is Townsend's motion for summary judgment [12].  Having
considered the petition, response, Townsend's motion, and the response to the motion,
the undersigned recommends that relief be denied.

On October 23, 2014, Counselor L. Lynchard monitored a recorded telephone call
that had been made on August 30, 2014, using Townsend's Phone Access Code (PAC).
Lynchard observed that the voice of the inmate in the conversation did not match the
voice in Townsend's prerecorded introduction.  Furthermore, the inmate indicated during
the conversation that he had used all of his allowed telephone minutes and was using the
minutes of another inmate.  From these facts, Lynchard concluded that Townsend was
not the inmate speaking on the telephone.  She then cross checked the recipient's

telephone number and determined that only one other inmate had the same number on

his telephone list.  By listening to the calls of the other inmate and those made using

Townsend's PAC, Lynchard identified those calls that had been completed with

Townsend's PAC but not actually placed by him.

That same day, Lynchard prepared an incident report charging Townsend with a

violation of Prohibited Act Code 297, "use of the telephone for abuses other than illegal

activity which circumvent the ability of staff to monitor frequency of telephone use, content

of the call, or the number called."  BOP Program Statement § 5270.09, Table 1.  He was

also charged with Prohibited Act Code 296, circumventing mail and email monitoring

procedures.[1]  In the report, Lynchard detailed her review of the recorded conversation and

the process by which she determined that another inmate was using Townsend's PAC.

[11-3] at 2.

---

[1]The prison disciplinary process begins with the issuance of an incident report
prepared by a prison staff person.  The report is normally served on the inmate within
24 hours.  The next step is the appointment of an investigating officer (a supervisory-
level staff member) and an investigation by him.  The investigation includes a
meeting between the investigator and the inmate at which the inmate is given the
opportunity to make a statement.  The inmate has the right to remain silent; however,
an adverse inference may drawn against him for doing so. When the investigator has
completed his investigation, he records the results of his investigation on the incident
report and forwards it, along with any other relevant materials, to the Unit Disciplinary
Committee (UDC).  If  the alleged offense is a low or moderate severity offense, the
UDC may make a determination as to guilt. Where the UDC determines that the
inmate did not commit the offense, the UDC expunges the report from the inmate's
file.   Alternatively, it  may refer the matter to the Discipline Hearing Officer (DHO).
Referral to the DHO is automatic for high severity offenses.  Where the matter is
referred to the DHO, the UDC advises the inmate of his right to choose a staff
representative for the hearing and to request witnesses.  Following a hearing, the
DHO issues a written decision.  The decision may be appealed through the
Administrative Remedy Program. *See generally* BOP Program Statement 5270.09 §§
541.5-541.8.

The incident report was delivered to Townsend on October 23, 2014, at which time he acknowledged that he had been advised of his rights and stated that he had no comment. [11-3] at 5.  A Unit Disciplinary Committee (UDC) hearing was held on October 28, 2014 [11-3] at 4.  The UDC referred the incident to the Disciplinary Hearing Officer (DHO).  *Id.*  On October 28, 2014, Townsend was given notice that a hearing would be held before the DHO. [11-4] at 2.  The hearing was held on October 30, 2014.  At the hearing, Townsend admitted that he had allowed another inmate to use his PAC number. [1] at 34.

The DHO issued a written decision on October 31, 2014.  He found, based upon the evidence, that Petitioner had committed Prohibited Act Code 297. [1] at 35.  He dismissed the charge for Prohibited Act Code 296.  *Id.*  The DHO imposed the following sanctions: 30 days in disciplinary segregation (suspended, pending 180 days of clear conduct), a 27-day disallowance of good-conduct time and loss of telephone and e-mail privileges for six months. [1] at 36.

## II. Analysis

*Procedural Due Process*

Townsend argues that there was 34-day delay between the staff's discovery of the incident and the delivery of the incident report to him.  He claims that the delay violated his procedural due process rights and B.O.P Program Statement § 5270.09, which provides that staff shall ordinarily give written notice of a charge within 24 hours of the time staff becomes aware of the incident.  Townsend's premise is incorrect.  Although the incident occurred on August 30, 2014, staff was not aware of it until Lynchard listened to

the monitoring tape on October 23, 2014.  Townsend was given notice that same day.

Furthermore, violation of prison policy does not constitute a violation of due process, if

constitutional requirements are otherwise met.  *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th

Cir. 1996).  The requirements for a prison disciplinary proceeding resulting in the loss of

good conduct time, which the Supreme Court outlined in *Wolff v. McDonnell*, 418 U.S. 539

(1974), are (1) written notice of the charges at least 24 hours prior to the disciplinary

hearing; (2) an opportunity "to call witnesses and present evidence in his defense when

permitting him to do so will not be unduly hazardous to institutional safety or correctional

goals"; (3) the aid of a fellow inmate or staff member if the inmate is illiterate or the issue

is complex; (4) an impartial decision-maker; and (5) a written statement by the fact finder

as to the evidence relied upon and the reasons for the decision.  *Wolff*, 418 U.S. at 563-

70.  The process in the present case fulfilled all of these requirements.  This claim is

without merit.

*Sufficiency of the Evidence*

Townsend next argues that the decision was not supported by sufficient evidence.

Specifically, he contends that Lynchard's identification of his voice should not have been

considered because there was no evidence that she had been trained in voice

identification.

This court's review of the DHO's decision is limited by the deferential standard of

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), which requires merely that

there be "some evidence" to show that the inmate committed the offense.  *Id.* at 455.

"Ascertaining whether this standard is satisfied does not require examination of the entire

record, independent assessment of the credibility of witnesses or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . ."  *Id.* at 455-56.  If there is "some evidence" to support the decision, it must be upheld even if the evidence is "meager."  *Id.* at 456.  In his report, the DHO cited, among other evidence, Townsend's admission of guilt.  This alone, even without any other evidence, would satisfy the "some evidence" standard.[2]

Finally, Townsend argues that he should have been charged with a lesser offense. The DHO concluded that he had violated Prohibited Act Code 297, and that decision was supported by some evidence.  By allowing another inmate to use his PAC, Townsend interfered with the ability of prison staff to monitor inmate activity - the precise conduct prohibited by the code section.  That Townsend would have preferred a lesser charge provides no basis for relief.

### III.  Conclusion

The undersigned concludes that the decision of the DHO was supported by some evidence and that Petitioner received all the due process protections to which he was entitled.  Accordingly, the undersigned recommends that Townsend's motion be denied and that no relief be granted.

---

[2]Lynchard's identification of Townsend's voice was based upon her comparison of the caller's voice with a prerecorded sample of Townsend's voice.  As Respondent points out, this would be sufficient for authentication in federal court, as Fed. R. Ev. 901(b)(5) "merely requires that the witness have some familiarity with the voice which he identifies."  *United States v. Thomas*, 690 F.3d 358, 372 (5th Cir. 2012) (quoting *United States v. Cuesta*, 597 F.2d 903, 915 (5th Cir. 1979)).  Since the identification would be sufficient under the higher standards of the Federal Rules of Evidence, it was certainly sufficient for a disciplinary hearing.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of October, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

6